UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDWIN COLON,

                        Petitioner,          19 cv 2299 (PKC)
                                                      Also Docket in
                                                      17 Cr. 666 (PKC)

       -against-                                 OPINION AND ORDER

UNITED STATES OF AMERICA,

                        Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

       Petitioner Edwin Colon moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserts that his appointed counsel failed to provide him with the effective assistance of counsel guaranteed by the Sixth Amendment because he failed to: (1) press the government to produce exculpatory information required to be produced by Brady v. Maryland, 737 U.S. 83 (1963), and impeachment material required to be produced by Giglio v. United States, 405 U.S. 150 (1972); (2) advise Colon as to the maximum penalty he faced and the existence of a mandatory minimum; (3) conduct a reasonable investigation into the facts of the case; (4) urge that he be granted a mitigating role adjustment under U.S.S.G. § 3B1.2; and (5) notify Colon of a plea offer.

       For reasons explained, Colon's petition will be denied.

                                                  Mailed to Edwin Colon 10/10/2019

BACKGROUND

Colon was charged in a single count indictment with conspiracy to distribute, and possess with intent to distribute, one kilogram and more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). 17 Cr. 666 (PKC)(Doc 1). Colon entered into a plea agreement with the government in which he was permitted to plead guilty to the lesser included offense of conspiracy to distribute and possess with intent to distribute 100 grams and more of heroin.) (the "Plea Agreement"). Colon and the government agreed to a Stipulated Guidelines Range of 168 to 210 months imprisonment. (Plea Agreement at 3.) Colon pleaded guilty pursuant to the Plea Agreement before Magistrate Judge Barbara C. Moses. (Jan. 11, 2018, Tr. 19). The plea was accepted by this Court as knowing and voluntary. (Doc 10.)

This Court found defendant to be in Total Offense Level 33 and Criminal History Category III with a resulting guidelines range of imprisonment of 168 months to 210 months. The Court sentenced Colon principally to 168 months imprisonment. (Judgment at 2-3; Doc 14.) Colon did not appeal, but rather moved before the Court for reconsideration under Rule 60(b)(6), Fed. R. Civ. P. (Doc. 17.) On July 26, 2018, the Court denied Colon's motion. (Doc. 18.) Petitioner timely filed his present motion pursuant to 28 U.S.C. § 2255 on March 13, 2019. (Doc. 19.)

LEGAL STANDARD

A person in federal custody may collaterally attack a final judgment in a criminal case based on "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996). When a

petitioner attempts to establish "a constitutional error" by asserting ineffective assistance of counsel in violation of the Sixth Amendment, courts apply the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Sapia v. United States, 433 F.3d 212, 218 (2d Cir. 2005). Additionally, it is well settled that when a criminal defendant waives their right to collaterally attack a judgment by way of guilty plea, the waiver is valid unless entered into involuntarily or without sufficient knowledge. United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000).

DISCUSSION

I. Colon's Ineffective Assistance Claims Fail Under *Strickland*

On a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must first overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. Strickland, 466 U.S. at 688-90. Second, the defendant must prove prejudice by showing a reasonable probability that, but for counsel's performance, the result of the case would have been different. Id. at 693-94. It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome. Id. at 693. Instead,

the defendant must show "a probability sufficient to undermine confidence in the outcome" of the case. Id. at 694.

Colon fails to show that his counsel's conduct fell below an objective standard of reasonableness. Even if he had made such a showing, Colon has not proven any prejudice. It follows that Colon's ineffective assistance of counsel claims fail.

    A. Defense Counsel Did Not Fail to Require the
        Government to Produce *Brady* and *Giglio* Material

Colon asserts that his counsel was ineffective for failing to require the government to produce prior to his guilty plea Rule 16, Fed. R. Crim. P., discovery and Brady and Giglio material. (Petition at 5.) The government has come forward with the declaration of the Assistant United States Attorney annexing the letter transmitting Rule 16 to defense counsel on November 10, 2017, two months prior to his draft plea agreement. (Roos Decl., Ex. A.) The Assistant has also declared under penalty of perjury that he is not aware of any material that was "exculpatory or arguably exculpatory" (Roos Decl. ¶ 5.)

With regard to Giglio, a defendant is not entitled to such material, including any agreements between the government and co-conspirators, prior to entering into a plea agreement. United States v. Ruiz, 536 U.S. 622, 623 (2002) ("The Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."); see Friedman v. Rehal, 618 F.3d 142, 153 (2d Cir. 2010) (nondisclosure of Giglio material prior to a plea does not violate Due Process because impeachment evidence relates specifically to the fairness of a criminal trial, rather than the voluntariness of the plea).

Further in his plea agreement defendant waived his right to attack his conviction on the basis of a failure to produce Brady and Giglio material. (Plea Agreement at 5) ("By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, . . . material pursuant to Brady v. Maryland, . . . and impeachment material pursuant to Giglio v. United States.") Moreover, Judge Moses asked Colon whether he understood that "under the terms of this plea agreement, even if you later learned that the government withheld from your counsel certain information that would have been helpful to you in defending yourself at trial, you won't be able to complain about it or withdraw your guilty plea because of it?" (January 11, 2018 Tr. 16-17.) Colon stated that he understood (Id. at 17) and proceeded to plead guilty. (Id. at 19.)

### B. Colon Was Aware of the Consequences of His Plea and the Existence of a Mandatory Minimum

Colon asserts that defense counsel was ineffective for failing to advise him of the maximum penalty he faced and the existence of a mandatory minimum prior to pleading guilty. (Petition at 6.) Again, Colon's assertion is directly contradicted by the record. At the plea hearing, Judge Moses asked Colon whether he discussed the consequences of pleading guilty with his attorney, to which he answered in the affirmative. (January 11, 2018 Tr. 7.)

The plea agreement explicitly states that "[t]his offense carries a maximum term of imprisonment of 40 years; a mandatory minimum term of imprisonment of five years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of four years. . ." (Plea Agreement at 1.) At the plea hearing, Colon stated that he read,

understood, and discussed the plea agreement with his attorney prior to signing it. (January 11, 2018 Tr. 15.) Moreover, Judge Moses informed Colon that "[t]he maximum term of imprisonment for the crime to which you intend to plead guilty is 40 years, 40 years in prison, which could be followed by life on supervised release . . . The crime to which you intend to plead guilty also carries a mandatory minimum sentence, in this case a mandatory minimum of five years in prison and four years of supervised release. A mandatory minimum means that the sentencing judge cannot sentence you to any less than that." (Id. at 13.) Therefore, Colon's argument that he was without knowledge of the possible consequences of his plea and the existence of a mandatory minimum prior to pleading guilty fails.

### C. Colon Has Shown No Basis For His Claim that Defense Counsel Inadequately Investigated the Facts

Colon alleges that defense counsel failed to conduct a reasonable investigation of his case. However, Colon does not set forth any specific examples of how counsel acted unreasonably in conducting the investigation. The "[b]ald assertion that counsel should have conducted more thorough pretrial investigation fails to overcome the presumption that counsel acted reasonably." Matura v. United States, 875 F. Supp. 235, 237 (S.D.N.Y. 1995); see United States v. Holmes, 44 F.3d 1150, 1158 (2d Cir. 1995) (defendant asserting "shortcomings by counsel" fails to satisfy either prong of *Strickland* "without specifying what the 'shortcomings' are.") Without more specific allegations as to how defense counsel failed to conduct an adequate investigation, Colon's claim cannot stand.

D. Colon Was Not Entitled to a Role Adjustment Under U.S.S.G. § 3B1.2

Colon asserts that his counsel failed to argue for a minor role adjustment, to which Colon believes he was entitled. A "minor role adjustment is not available at sentencing merely on a showing that the defendant 'played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be "minor" . . . as compared to the average participant in such a crime.'" United States v. Yu, 285 F.3d 192, 200 (2d Cir. 2002) (quoting United States v. Rahman, 189 F.3d 88, 159 (2d Cir. 1999)). In determining whether a criminal defendant's role in the crime charged was "minor," courts look to "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990).[1]

Colon's involvement in the narcotics conspiracy was by no means "minor." According to the facts set forth in the Presentence Report, which were not objected to at the time of sentencing (April 18, 2018 Tr. 3), Colon purchased large quantities of heroin on consignment from Columbian drug traffickers and sold them to others. (Presentence Report, ¶ 8.) He made large purchases of heroin on approximately five occasions. (Id.) His transactions included at least two 15 kilogram purchases of heroin and he was responsible for a total of 36 to 39 kilograms of heroin. (Id., ¶ 10, 12.) See United States v. Shonubi, 998 F.2d 84, 90 (2d Cir. 1993) (defendant who smuggled heroin into the United States on numerous occasions was not a "foolish . . . drug mule," he knowingly and systematically engaged in a narcotics distribution

---

[1] Colon cites to five minor role adjustment factors set forth in the newly amended U.S.S.G. § 3B1.2. (Reply Br., Doc. 22.) Three factors are analogous to those the Court considered from Garcia, 920 F.2d at 155 (2d Cir. 1990), and two are additional. The Court has considered the additional factors, but finds them to be extraneous. They do not change the Court's holding that Colon was not entitled to a minor role adjustment, as the balance of the factors still indicate that Colon played a substantial role in the conspiracy.

7

conspiracy.) Colon was a large-scale distributor who was trusted with multi-kilograms of heroin on consignment. Colon was not entitled to a minor role adjustment, and it follows that defense counsel did not fall below an objective standard of reasonableness based on prevailing professional norms in failing to request such an adjustment. Colon's ineffective assistance claim on this ground is without merit.

### E. Petitioner Was Never Offered a Plea Deal at a Lower Sentencing Range

Colon claims defense counsel was ineffective in failing to notify him of a plea offer pursuant to Rule 11(c)(1)(C), Fed Crim. P., setting the defendant's sentence at 60 to 120 months' imprisonment. (Petition at 11.) Colon's assertion has no factual support beyond his conclusory allegation. The government has submitted a declaration under penalty of perjury that it offered him no such plea deal. (Rood Decl. ¶ 6) ("The Government never offered a plea agreement pursuant to Fed. R. Crim. P. 11 (c)(1)(C), nor did I ever discuss such an agreement with the defendant's counsel.") Colon's ineffective assistance claim on the ground that defense counsel failed to notify him of an alternative plea agreement is without merit.

## II. Alternatively, Colon's Section 2255 Motion is Barred by His Plea Agreement Waiver

To the extent that Colon is challenging his sentence under the guise of ineffective assistance of counsel claims, Colon's section 2255 motion is barred by his agreement not to collaterally attack a sentence within or below the Stipulated Guidelines Range. (Plea Agreement at 4.) In the agreement, Colon agreed that he "will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 168 to 210 months'

imprisonment." (Id.) Ultimately, Colon was sentenced to principally 168 months' imprisonment, the low end of the Stipulated Guidelines Range, and therefore, he has waived his right to appeal.

Where, as here, a defendant knowingly and voluntarily waives his right to appeal any sentence within a stipulated guidelines range, he may not then appeal such a sentence, except in limited circumstances not alleged by defendant. See Gomez-Perez, 215 F.3d at 318 (2d Cir. 2000) ("This Court has repeatedly upheld the validity of . . . waivers, with the obvious caveat that such waivers must be knowingly, voluntarily, and competently provided by the defendant."); see United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008) ("It is . . . well settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." (quoting United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998) (internal quotation marks omitted)).

Colon's collateral attack waiver was made knowingly, voluntarily, and competently. In his plea agreement, Colon agreed that he "will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 168 to 210 months' imprisonment." Further, at his plea hearing, Judge Moses asked Colon if he understood that "as long as Judge Castel sentences you to a prison term no longer than 210 months, plus any lawful sentence of supervised release, and a fine of no greater than $5 million, you are giving up your right to challenge your sentence, whether by direct appeal, writ of habeas corpus, or otherwise." (January 11, 2018 Tr. 16.) Colon indicated that he understood and agreed to the waiver of collateral attack. Moreover, Judge Moses found that Colon understood his rights, was aware of the consequences of the plea, and "voluntarily plead[ed] guilty." (Id. at 21.) After review of the transcript, this Court agreed that Colon knowingly and voluntarily pleaded

9

guilty and subsequently accepted his plea. Thus, Colon's waiver of the right to collaterally attack his sentence was knowingly, voluntarily, and competently provided. It follows that the waiver is valid and enforceable in the present action.

CONCLUSION

The Court has considered the balance of petitioner's contentions, including a frivolous constructive amendment of an indictment claim, and finds them to be without merit. The petition is DENIED. The Clerk is directed to enter judgment for the United States, terminate the motion and close the case.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
October 10, 2019