UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                             17-cr-666 (PKC)

        -against-                                           ORDER

EDWIN COLON,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Edwin Colon moves the Court to reduce his sentence for extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A)(i). (ECF 40.) Colon is 54 years old and has a projected release date of December 26, 2028. Colon previously moved for a sentence reduction under section 3582 which the Court denied in a written Order. (Order of Feb. 9, 2021; ECF 39.) He filed his second 346-page motion less than three months after the denial of his first motion. For reasons to be explained, the Court again denies his motion.

        Colon pled guilty to one count of conspiracy to distribute heroin. At sentencing, he was held responsible for between 36 and 39 kilograms of heroin, and his criminal history included a prior conviction in federal court for trafficking in heroin. The Guidelines range was 168 months' to 210 months' imprisonment, and he received a sentence of principally 168 months' imprisonment. (ECF 14; see ECF 15, Sentencing Transcript, Apr. 18, 2018, Tr. 9-11, 14.)

        Colon's second section 3582(c)(1)(A)(i) motion refers to a November 3, 2020 application to the Warden of FCI Fort Dix for release based upon extraordinary and compelling

reasons that was made prior to his first motion. (ECF 40 at 21.) There is no claim that following the denial of his first motion, he made a new application to the Warden. The Court concludes that Colon's application to the Warden preceding his first considered and denied motion cannot support an exhaustion claim for a second motion. The Court acknowledges that exhaustion under section 3582(c) is not jurisdictional. United States v. Saladino, 7 F.4th 120, 121 (2d Cir. 2021). That said, the Court sees no reason to excuse or deem waived the failure to exhaust. If the Court is wrong on the exhaustion point, then prudentially it states that it would not grant the motion if there had been timely exhaustion.

The second motion plows much the same ground as the first motion, focusing on Colon's health (hypertension, borderline diabetic, high cholesterol, 30-year smoking history, shoulder, knee and foot problems, and "unknown" internal bleeding), coupled with his family situation and his efforts at rehabilitation. The broad view of valid considerations that may be taken into account on a section 3582(c)(1)(A) motion had been expressed by the Second Circuit at the time Colon's first motion was denied. See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

Since the Court's ruling on the first motion, the United States Sentencing Commission issued a Policy Statement effective November 1, 2023 that presents helpful guidance to a Court considering a motion to reduce a sentence for extraordinary and compelling reasons. U.S.S.G. § 1B1.13 (amended eff. Nov 1, 2023). The Guidelines address in some detail considerations relating to the "Medical Circumstances of the Defendant," "Age of the Defendant," "Family Circumstances of the Defendant," "Victim of Abuse," "Unusually Long Sentence," and "Other Reasons." The Court has taken this new Policy Statement into account as well.

But reviewing the matter with fresh perspective, no reason or combination of reasons cited by Colon is extraordinary or compelling.  To the extent COVID-19 and Colon's personal decision not to be vaccinated factor into the mix, the Court adopts the observation of Judge Marrero, made in early 2023, that the "risks that were heightened at the onset of the pandemic have largely been reduced or been under control at this late stage of the pandemic." United States v. Malloy, 2023 WL 2237504, at *4 (S.D.N.Y. Feb. 27, 2023).  This remains true, perhaps more so, today.  Further, as of June 13, 2024, FCI Otisville reported no open COVID cases.[1]

"[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021).  Even where such circumstances exist, "the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

As to the section 3553(a) factors, the Court reviewed the nature and circumstances of the offense at sentencing:

> The facts are that in September 2014, Mr. Colon began purchasing large quantities of heroin from a drug trafficker in Columbia.  He purchased the kilograms of heroin on consignment and then sold the heroin to others.  He made large purchases on five occasions.  The purchases were facilitated by a friend of Colon who served as a broker.  On each occasion, he purchased the heroin from a particular source.  The first purchase occurred in September 2014 when he bought 2 to 3 kilograms of heroin on consignment.
>
> * * * *

---

[1] See Statistics, Inmate COVID-19 Data, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData (last visited June 13, 2024).

> Then in December of 2014, he made two additional purchases, each approximately 2 to 3 kilograms of heroin. That was 2014. We turn the page to 2015. Mr. Colon made a larger purchase from the source buying 15 kilograms of heroin on consignment in a transaction that occurred in the Bronx. A week after that, a week after the 15 kilograms, Mr. Colon bought 15 more kilograms of heroin, again on consignment.
>
> \* \* \* \*
>
> There is no dispute here, none at all, that he is being held responsible for distributing approximately 36 to 39 kilograms of heroin.

(ECF 15, Sentencing Tr., Apr. 18, 2018, Tr. 9-11.)

Colon's criminal history featured a prior conviction in federal court for heroin trafficking for which he received a 63-month sentence.

In this case, the section 3553(a) factors counsel against a sentence reduction of Colon's original sentence that was at the bottom of the advisory Guidelines range.

The motion is DENIED. The Clerk is requested to terminate the motion (ECF 40).

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
       June 13, 2024

Mailed to:
EDWIN COLON, Register Number 25805-050
FCI Otisville
Federal Correctional Institution
P.O. Box 1000
Otisville, NY  10963